Wheeler, J.
The former action pleaded in abatement in this case was an action brought in the name of the wife alone, without the right or authority thus to sue. It appears to have been an action which, as brought, the plaintiff could not have maintained. It did not dispense with the necessity of the present suit, and was not., therefore, such an action as could bo effectually pleaded in abatement of a subsequent suit by a party entitled to maintain the. action. The pendency of a prior suit will not abate the second if the first is so defective that the second is necessary to secure the demand. (1 Root R., 355; 7 Verm. R., 124.) And “ it is no pica that another action is depending for the same cause at the suit of auother. person.” (1 Saund. Pl. and Ev., 17; 2 T. R., 512.) The plea cannot be maintained unless the plaintiff be the same in both suits. (2 Sumn. R., 589; 2 Bail. R., 412.) Here the party plaintiff is not the same in the latter as in the former suit. And we think it clear that the pendency of that suit was not pleadable in abatement of this.
The objection to the sufficiency of the bond for costs is not valid. It was not necessary that the plaintiff should sign the bond.
Judgment affirmed.