COUNTY OF MONTMORENCY *v.* WILTSE.

COUNTY TREASURER—ACTION ON BOND—DEFENSES—CHANGE OF
VENUE. ·

* 1. The mere fact that some county records had been lost, and
     vouchers destroyed, after settlements have been made with
     the county treasurer, does not prevent a recovery upon the
     treasurer's bond, where there is evidence showing errors in
     the settlement.

  2. The treasurer and his bondsmen cannot defend upon the
     ground that he received township orders and duebills from
     his predecessor, where he entered them as cash upon his

* Head-notes by GRANT, J.

books. *Held*, further, that, if such defense could be maintained, it failed in this case, because the defendant did not show, or offer to show, that none of these orders or duebills were collected by him.

3. Where there has been a change of venue, a party cannot, upon the trial in the court to which the venue was changed, raise the question of the regularity of the proceedings to transfer.

Error to Cheboygan; Sharpe, J., presiding.  Submitted October 3, 1900.  Decided October 31, 1900.

*Assumpsit* by the county of Montmorency against Charles H. Wiltse, principal, and William B. Comstock, surety, upon a county treasurer's bond.  From a judgment for plaintiff, defendants bring error.  Affirmed.

Defendant Wiltse was county treasurer for the county of Montmorency for the years 1891 and 1892.  The board of supervisors made settlements with him in October, 1891, 1892, and January 4, 1893.  At the last settlement he paid to his successor the amount found by the board to be due from him to the county.  The first item in his account is as follows: "February 6, 1891.  Cash on hand, $3,344.42."  This was the amount acknowledged by the account to have been received from his predecessor. This suit is against Wiltse and his bondsman to recover for amounts which plaintiff claims he had received, but which by mistake were not included in the settlements with the supervisors.  The case was tried twice in the county of Montmorency, and the juries disagreed, whereupon the court entered an order for a change of venue to the county of Cheboygan, where the case was tried, and verdict rendered for plaintiff for $3,442.37.  During defendant's term of office the county seat was at Hillman; and in 1893 it was removed to Atlanta.  Many of the records were lost, and some years after the last settlement the vouchers were destroyed by order of the board of supervisors.  These settlements appear in full in the record.

The court, after instructing the jury as to the items on which there was no dispute, instructed them as follows:

"But as to the subsequent items of claims (that is, different items of tax money that came into his hands,—in the hands of Mr. Wiltse) there is considerable difference between what the plaintiff seeks to show he received, and what his books of account show he received, and what the settlement with the board of supervisors shows he received. Those amounts have been gone over fully by Mr. Francis with you, and I will not enumerate them. It was the duty, of course, of Mr. Wiltse to account for all the tax moneys that he received, no matter what source they came from, and it is his duty in this suit, and the duty of his bondsman, to account for all that, or any other class of moneys which came into his hands as county treasurer; and if you find that he received a greater amount of money from these different sources, by checks or other payments, than his books and the settlement with the supervisors charge him with, and that that money has not been in any other way paid to the county of Montmorency, or paid out for its use, he is chargeable with it."

The court also instructed the jury that these settlements were presumed to be correct, and the *onus probandi* was on the plaintiff to show that they were not correct.

*Joseph H. Cobb* (*Frank Emerick,* of counsel), for appellants.

*James Francis,* for appellee.

GRANT, J. (*after stating the facts*). 1. It is urged that the court should have directed a verdict for the defendants. Counsel do not argue the proposition, but, in their brief, merely say, "Under the above state of facts, the defendants claim the court should have taken the case from the jury." It would be sufficient to state that the record fails to show that defendants made any such request. Aside from this, however, we think there was sufficient evidence to go to the jury upon the question of mistake in the settlement. The mere fact that some of the records were lost, and vouchers destroyed, is not con-

clusive against the plaintiff's right of recovery, in the presence of evidence tending to show that legitimate charges were omitted.

2. Defendant testified that he did not receive from his predecessor, one Meyers, any cash, but that the entire amount consisted of township orders, and duebills held against saloon keepers. He also testified that he did not receive that amount in any form, by at least $500. Mr. Wiltse gave, as he was obliged to, a bond, before he could receive any money from his predecessor. He was under no obligation to receive any order or duebill as cash. He, however, did receive it as cash. Having so .received it, he must be charged with it as cash. There is no testimony to show that the supervisors were notified of this fact until the first settlement with Wiltse. We think that both Wiltse and his bondsmen were bound by his action in receiving these orders and duebills. Besides, no offer is shown by the record to have been made by the defendant to show how much he received upon these orders and duebills. He is certainly accountable for what he received, and it was incumbent upon him to show that he received nothing on them, or, if anything, how much. But as to this the record is silent. The question whether he did not in fact receive from his predecessor $500 of that sum was left to the jury.

3. It is urged that the circuit court for the county of Cheboygan had no jurisdiction in this case, because the circuit court of Montmorency county had no jurisdiction to make an order for the change of venue. Upon the opening of the trial, counsel objected to the trial of the cause, because of this change of venue. The proceedings in the circuit court for the county of Montmorency are not in the record. In reply to the objection of counsel, the court said that the order transferring the cause seemed to be regular. The precise ground, as we understand it, is that no application was made by either party for a change of venue, but that the order was made by the court upon its own motion, after two trials in the former county. This

is not shown by the record. If the defendants desired to object to this action, they should have tested its legality by the writ of *mandamus*. They cannot wait until the case is called for trial, and then object to the jurisdiction of the court because of defects in the proceedings for change of venue. It was contended in *Lewis* v. *Wiedenfeld*, 114 Mich. 581 (72 N. W. 604), that the State court had no jurisdiction to try the case, because the order of the United States court remanding the case was erroneous. It was held that the action of the federal court in remanding the cause could not be reviewed on appeal from a final decree entered in the State court. So in this case this court will not review the action of the court of Montmorency county in removing the cause to the county of Cheboygan for trial.

Affirmed.

The other Justices concurred.