### E. L. STONE v. H. R. BYARS ET AL.

Decided April 3, 1903.

**1.—Jurisdiction—Probate Courts.**

Where jurisdiction of a decedent's estate may be properly acquired in two different counties, the court first acquiring such jurisdiction should maintain it undisturbed by the court of co-ordinate jurisdiction.

**2.—Same—Change of Venue—Appeal to District Court.**

Where a cause has been appealed from the probate court to the district court it stands on the docket of the latter court for trial de novo, in all respects as any other cause, and the court may, upon written consent of the parties, change the venue to any other court having jurisdiction of the subject matter. Rev. Stats., art. 1270.

**3.—Same—Jury Trial in Probate Cases.**

 In the county court in probate matters no jury trial is allowed except when expressly provided by law (Rev. Stats., art. 1855); but after a matter has been transferred to the district court by appeal or otherwise, the parties become entitled to a trial by jury.

**4.—Same—Change of Venue—Setting Aside Order.**

 Where a case has been duly transferred to another county by an order changing the venue, the court of first instance can not, after the order has been executed and jurisdiction has attached in such other county, resume its former jurisdiction by setting aside the order of transfer.

Appeal from the District Court of Colorado. Tried below before Hon. M. Kennon.

*Whit. Boyd,* for appellant.

*Maco & Minor Stewart, Adkins & Green, McCormick & Brown,* and *Grobe & Ayars,* for appellees.

GARRETT, CHIEF JUSTICE.—This is an appeal by E. L. Stone, a creditor of the estate of William Dunovant, deceased, from a judgment of the District Court of Colorado County appointing the appellees, H. R. Byars and Joseph A. Robertson administrators of said estate. William Dunovant died intestate August 11, 1902, in Harris County, Texas. His principal estate was situated in Colorado County. Application was made by the appellee, Joseph A. Robertson, for letters of administration upon the estate of said William Dunovant in the County Court of Harris County October 23, 1902. Paul T. Gordon and J. A. Harbert and A. M. Waugh, administrator, etc., creditors of said estate contested said application on the ground that the said William Dunovant was not a resident of Harris County at the time of his death but that he had his domicile in and was a resident of Colorado County, where his principal estate was situated. Upon a hearing of the application and contest on January 7, 1903, the county judge of Harris County granted the application of the said Robertson, and appointed him as administrator of said estate. Both Gordon and the said Harbert and Waugh excepted, and gave notice of appeal to the District Court of Harris County. Two appeals from said order were perfected and prosecuted, and were filed in the district court of the eleventh judicial district, and docketed as follows: No. 32914, Estate of William Dunovant, deceased. Appeal of Paul T. Gordon. No. 32916, Estate of William Dunovant, deceased. Appeal of J. A. Harbert and A. M. Waugh, admrs.

On December 30, 1902, the appellee H. R. Byars filed an application in the County Court of Colorado County for letters of administration upon said estate of William Dunovant, deceased, and his application was contested by the appellee Joseph A. Robertson on the ground that William Dunovant resided and had his domicile in the county of Harris, and that the contestant had been appointed by the county judge of Harris County temporary administrator of said estate, and that he had theretofore filed an application in the County Court of said county for

appointment as permanent administrator. Upon the hearing of said application the County Court of Colorado County appointed the appellee Byars administrator of said estate, to which the appellee Robertson excepted and gave notice of appeal to the District Court of Colorado County. The appeal was perfected and the cause was filed in said district court, and was docketed as No. 7023.

The said Joseph A. Robertson and the said H. R. Byars, the appellees here, being the parties to the causes of contest of application for administration pending in the district courts of Colorado and Harris counties, entered into a written agreement which was filed in the causes Nos. 32,914 and 32,916 pending in the District Court of Harris County for the eleventh judicial district to change the venue of said causes to the District Court of Colorado County, and moved the court so to order; and in accordance with said agreement and motion the said District Court of Harris County, on February 11, 1903, made an order in each of said causes changing the venue thereof to the District Court of Colorado County. The papers in said causes and transcripts of the orders therein were duly transmitted to the clerk of the District Court of Colorado County, and were filed in said court February 16, 1903, and entered upon the docket thereof, the said cause No. 32,916 as No. 7011, and the said cause No. 32,914 as No. 7012. The three causes then pending on the docket of the District Court of Colorado County in the matters of the applications of H. R. Byars and Joseph A. Robertson for letters of administration upon the estate of William Dunovant, deceased, and the contest thereof numbered 7011, 7012 and 7023 on the docket of said court, were on motion of the parties consolidated by order of the court, and proceeded with as No. 7011 on the docket. The appellant E. L. Stone intervened in the consolidated cause and showed that he was a creditor of said estate, and excepted to the jurisdiction of the District Court of Colorado County of the said causes transferred from Harris County, and asked that they be remanded to the District Court of the Fifty-fifth judicial district of that county. It appeared from the pleadings and exhibits that after the orders changing the venue had been made by the District Court of Harris County for the Eleventh district, a motion was made in that court by R. G. Ashe, who had been appointed by the county judge of Harris County as temporary administrator of said estate after removal by him of said Robertson, to vacate said orders, and that by reason of his disqualification on account of relationship to the said Ashe the judge of said court made an order February 24, 1903, transferring the causes to the District Court of Harris County for the Fifty-fifth judicial district; and that on February 26, 1903, the said District Court for the Fifty-fifth district made an order by which it undertook to vacate the former orders of the District Court for the Eleventh judicial district changing the venue in said causes, and ordered the clerk of the District Court of Colorado County to return the papers thereof to the said District Court of Harris County for the Fifty-fifth judicial district. This order was not obeyed, the judge of

the District Court of Colorado County having directed the clerk of his court to retain possession of the papers.

Hon. Blake Dupree, county judge of Harris County, and the said R. G. Ashe, intervened in the consolidated cause in the court below, also setting up the matters above stated, and asked that the causes be remanded to the District Court of Harris County for the Fifty-fifth judicial district. Exceptions were sustained to their plea of intervention and it was stricken out, whereupon the said Ashe and Dupree excepted and gave notice of appeal. The plea of the said E. L. Stone was also overruled, to which action of the court said Stone excepted and gave notice of appeal. The cause then came on to be heard, and the court found that the said William Dunovant, at the time of his death, resided in the county of Colorado, and that the County Court of said county had jurisdiction of the administration of his estate, and a number of the creditors and the next of kin of the deceased having so requested, the said Joseph A. Robertson and H. R. Byars were appointed joint administrators of said estate. The said E. L. Stone has perfected an appeal from said judgment, and has assigned errors which question the validity of the orders of the District Court of Harris County changing the venue to Colorado County, as well as the fact finding as to the domicile of the said William Dunovant at the time of his death.

No statement of facts appears in the record, but the trial judge, in reaching his conclusion that the domicile of William Dunovant was in Colorado County, has found facts which sustain his conclusion to that effect. It is an undisputed fact that the principal part of the estate of the deceased is situated in Colorado County. Hence it is clear that the County Court of Colorado County has jurisdiction of the administration of said estate, unless jurisdiction had already been properly assumed by the Harris County court. The proceedings show a conflict of jurisdiction between the county courts of Harris and Colorado counties growing out of a question of fact that might have been determined differently in the two counties, and supporting the jurisdiction of both of them. There is a rule of law, however, growing out of a manifest propriety, if not necessity, that the court which first acquires jurisdiction over a controversy should maintain it undisturbed by the interference of any other court of co-ordinate jurisdiction. Texas Trunk Ry. Co. v. Lewis, 81 Texas, 1. The question of a collateral inquiry by the Colorado County court into the jurisdiction of the Harris County court was taken out of the case, however, if the venue of the Harris County contests was properly transferred to Colorado County and remained there. The court may, upon the written consent of the parties thereto, filed with the papers of the cause, by an order entered on the minutes transfer the same for trial to the court of any other county having jurisdiction of the subject matter of such suit. Rev. Stats., art. 1270. Appeals from a county court to the district court are entered upon the civil docket of the district court, to be called and disposed of in regular order. When reached they are tried anew, as if originally brought in

such court; and the judgment of the district court is certified to the county court for observance.   Rev. Stats., arts. 2261, 2262, 2263; Phelps v. Ashton, 30 Texas, 345; Elwell v. Universalist Convention, 76 Texas, 518; Kelly v. Settegast, 68 Texas, 16; McLane v. Paschal, 62 Texas, 104; Hawes v. Foote, 64 Texas, 34.

In the county court in probate matters no jury trial is allowed except when expressly provided by law.   Rev. Stats., art. 1855.   But after a matter has been transferred to the district court by appeal or otherwise the parties become entitled to a trial by jury.   Cockrill v. Cox, 65 Texas, 669.   So the causes stood on the docket of the District Court of Harris County in all respects as any other cause, and subject to trial by jury. The reasons for a change of venue apply with the same force to such a cause as to any other upon the docket of the court.   While the precise question does not appear to have been passed on by our Supreme Court, there can be no doubt about how it should be decided.   Under a statute similar to ours the Supreme Court of Maine held that the parties had the right to change of venue.   Backus v. Cheney, 80 Me., 17.   The order changing the venue vested jurisdiction in the District Court of Colorado County.   The jurisdiction of the District Court of Harris County could not be resumed by setting the order aside after it had been executed and the jurisdiction of the District Court of Colorado County had attached. Dimmitt v. Robbins, 74 Texas, 445; Henderson v. Henderson, 55 Mo., 544; Wolcott v. Wolcott, 32 Wis., 69; Servatius v. Pickel, 30 Wis., 507. This view of the effect of the order changing the venue after its execution renders it unnecessary for us to say more with respect to the order of the District Court for the Fifty-fifth judicial district than that that court did not acquire jurisdiction to make its order recalling the cases, even if it otherwise had the power to set aside the orders of another court.   There is no error in the judgment of the court below, and it will be affirmed.

*Affirmed.*

Writ of error refused.