BRADFIELD *v.* ST. CLAIR CIRCUIT JUDGE.

MANDAMUS—PROPRIETY—COLLATERAL ATTACK.

> Mandamus to compel a circuit judge to vacate an order in a
> cause removed to his circuit will not be granted on the
> ground that the order changing the venue was without juris-
> diction, relator's remedy being by motion to vacate the order
> changing the venue and mandamus to review the denial of
> that motion.

Mandamus by Thomas Parks Bradfield to compel Eu-
gene F. Law, circuit judge of St. Clair county, to vacate
an order awarding temporary alimony. Submitted April
2, 1907. (Calendar No. 22,121.) Writ denied May 18,
1907.

*Rufus G. Lathrop* (*Francis A. Stace,* of counsel), for
relator.

*Moore, Brown, Miller & Ladd,* for respondent.

MOORE, J. This is an application for mandamus com-
manding the respondent to vacate an order made by him
as circuit judge in the circuit court for the county of St.
Clair, in chancery, on the 7th day of January, 1907, re-
quiring the relator to pay alimony and expenses in a suit
for divorce commenced in the circuit court for the county
of Oakland, in chancery, wherein Elizabeth P. Bradfield
(wife of relator) is complainant and the relator is defend-
ant, for the reason that the respondent had no jurisdiction
to make such order, because the order purporting to trans-
fer said suit from the Oakland circuit court to the St.
Clair circuit court was void, having been made without
jurisdiction or authority. The wife of relator commenced
a divorce proceeding against him in the circuit court for
the county of Oakland, in chancery. He caused his ap-

pearance to be entered therein and moved for a change of venue because (we quote from the affidavit):

"Deponent further says that the complainant in said cause has an undue influence over the citizens of Oakland county.

"Deponent further says that an odium attaches to the defense of the defendant in said cause on account of local prejudice in Oakland county.

"Deponent further says that the judge of the circuit court for the county of Oakland is biased in favor of the complainant in said cause and prejudiced against this deponent, the defendant in said cause.   *   *   *

"Deponent further says that an odium attaches to the defense of this defendant on account of local prejudice in some of the other counties in the eastern part of the State of Michigan, especially in the county of St. Clair."

The petition was to be heard November 12th. It was called up by the solicitors for complainant in the absence of the solicitor for the relator, and after a delay of more than an hour an oral order was made transferring the cause to St. Clair county.

It was claimed by the solicitor for the relator that it was unfair in view of what occurred between counsel to call up the motion in his absence, and that an arrangement was made that counsel would appear before the circuit judge who was then holding court at Lapeer, when counsel would agree upon the cause being removed to some other county than St. Clair. The circuit judge does not remember this as does counsel, but says counsel appeared before him for the purpose of rehearing the motion, and that it was reheard when an order as follows was signed:

"STATE OF MICHIGAN.—In the circuit court for the county of Oakland, in chancery.
"Elizabeth Palmer Bradfield,
                    "Complainant,
                v.
"Thomas Parks Bradfield,
                    "Defendant.
"At a session of the circuit court for the county of

Oakland in chancery, continued and held on the 12th day of November, A. D. 1906, in the city of Pontiac.

"Present, Honorable George W. Smith, Circuit Judge.

"In the above cause a motion for a change of venue having been made and set for hearing on this day and no one appearing in support of the said motion, and George G. Moore, of Moore, Brown, Miller & Ladd, solicitors for the said complainant appearing in opposition to said motion, after due consideration being had, it is ordered and adjudged that the said cause be and the same is hereby transferred to the county of St. Clair for hearing.

"GEORGE W. SMITH,
"Circuit Judge.

"Filed November 19, 1906.
"GEORGE A. BROWN,
"Register."

Soon thereafter the files were transferred to St. Clair county. On the 11th of December counsel moved the circuit judge of Oakland county to vacate this order. This motion was overruled. No effort was made to review the action of the judge in overruling this motion. The complainant in the divorce moved the court in St. Clair county for an order for alimony and solicitor's fees. The relator objected to this being done, claiming that the circuit judge of Oakland county had no jurisdiction to make the transfer, and that the circuit court in chancery for St. Clair county had no jurisdiction to make any order in the case. He also made a counter showing to the application for alimony, but it was agreed this was without prejudice to the question of jurisdiction.

The court thought it had jurisdiction to make the order, and made it. We are asked through the writ of mandamus to require the circuit judge to vacate the last-named order because the judge of the circuit court for the county of Oakland in chancery had no authority to make it. This would in effect vacate the order which the judge of Oakland county refused to vacate, and which refusal was not sought to be reviewed in any direct proceeding. We think it would be anomalous for the circuit court of St. Clair county in chancery to refuse to take jurisdiction in

a case transferred to it by the judge of another circuit when the order making the transfer was regular upon its face. The case of *County of Montmorency* v. *Wiltse*, 125 Mich. 47, is authority for the proposition that, if relator desired to test the legality of the removal of the case from the Oakland circuit to the St. Clair circuit, it should have been done by the writ of mandamus when the judge of the Oakland circuit refused to vacate the order making the transfer.

Counsel say:

"After a cause has been actually transferred, and the records and files transmitted, the original court cannot resume jurisdiction by an order vacating the order changing the venue"—citing *Stone* v. *Byars*, 32 Tex. Civ. App. 154, and other cases.

An examination of these cases will show that none of them was a case where it was claimed the order making the transfer was void for want of jurisdiction to make it.

Motion is denied.

GRANT, BLAIR, MONTGOMERY, and HOOKER, JJ., concurred.