## ALLEN v. THOMSON.

(Court of Civil Appeals of Texas. Austin.
April 9, 1913.)

1. PLEADING (§ 214*) — DEMURRER — ADMISSIONS BY DEMURRER.

A demurrer admits the truth of the allegations for the purposes of the demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

2. EVIDENCE (§ 43*)—JUDICIAL NOTICE—JUDGMENT—JUDICIAL PROCEEDINGS AND RECORDS.

The Court of Appeals takes official cognizance of the facts shown by its own records in another case between the same parties.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 62–65; Dec. Dig. § 43;* Appeal and Error, Cent. Dig. § 2960.]

3. APPEAL AND ERROR (§ 1175*)—DISPOSITION —REVERSAL—RENDERING FINAL JUDGMENT.

Where the court, without a plea in abatement setting up such facts, by official cognizance of the facts shown by its own records in another case between the same parties, knows that the undisputed facts in reference to the note sued upon herein showed that appellee is not entitled to judgment thereon, it may reverse and render judgment for the appellant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.*]

Appeal from District Court, Tom Green County; J. W. Timmins, Judge.

Action by J. T. Thomson against George Allen. Judgment for plaintiff, and defendant appeals. Reversed, and judgment rendered for defendant.

Dubois & Loveland, of San Angelo, for appellant. J. T. Thomson, of San Angelo, pro se.

JENKINS, J. We have to-day handed down an opinion in the case of J. T. Thomson et al. v. Findlater Hardware Co., 156 S. W. 301, appealed from the county court of Tom Green county, to which reference is here made for a statement of facts necessary to an understanding of this case.

On November 25, 1912, appellee Thomson, who was appellant in the case above referred to, brought suit in the district court of Tom Green county against Geo. Allen on the note mentioned in said case of Thomson v. Findlater to recover the amount for which said note was executed, less $110 credited on same, and interest and attorney's fees, and to foreclose the vendor's lien reserved in said note. Appellant admitted the execution of said note, and pleaded in abatement all of the facts stated in the opinion in said case of Thomson v. Findlater, including the judgment of the court therein, and the further fact that said Thomson had appealed said case to this court, and that said appeal was still pending. Appellee excepted to said plea in abatement; said exception was sustained by the court, and, said plea being stricken out, the court gave judgment for the amount alleged by appellee to be due on said note, and for foreclosure of the vendor's lien.

We have affirmed the judgment of the county court in said case of Thomson v. Findlater, the legal effect of which is to hold that appellant has paid said note to the parties entitled to the same, and that said money is in the register of the county court of Tom Green county, subject to the order of said parties. Such being the case, it follows that the district court erred in sustaining appellee's exception to said plea in abatement, for which this case must be reversed.

[1-3] The only thing about which we have had any hesitancy in this case is as to whether we ought to reverse and remand or reverse and render judgment herein. Where a case has been tried upon its merits and the facts fully developed, and there is no dispute as to the facts, of course, it is our duty, if the case is reversed by us, to render such judgment as the court below should have rendered. But, as this case went off on demurrer, no facts were proven. A demurrer admits the truth of the allegations for the purposes of the demurrer. But if the facts of said plea in abatement be admitted to be true, not only should said suit have been abated until said appeal was disposed of, but, upon said judgment of the county court being affirmed, the facts so pleaded in abatement would become a complete bar to recovery herein.

We take official cognizance of the facts shown by the records of our court in another case between the same parties. Consequently we have official knowledge from the record in said case of Thomson v. Findlater that the undisputed facts in reference to the note herein sued on show that appellee is not entitled to judgment thereon. Should we remand this case, it would be with instructions to the trial court to enter judgment for appellant upon proof of the facts alleged in the plea in abatement. As these facts are undisputed, it seems to us that to remand this case would involve useless expense and unnecessary delay, for which reason we have concluded to reverse and render judgment for appellant, which is accordingly done.

Reversed and rendered.