MILLER & VIDOR LUMBER CO. v. WILLIAMSON et al.

(Court of Civil Appeals of Texas. Galveston. Feb. 11, 1914. Rehearing Denied March 5, 1914.)

1. ABATEMENT AND REVIVAL (§ 9*)—PENDENCY OF OTHER ACTION—IDENTITY OF PARTIES.

As regards the rule that pendency of a prior action in a court of co-ordinate jurisdiction is ground for abatement of a second action, the parties and causes of action being the same, it is immaterial that the parties plaintiff and defendant are reversed in the two actions.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 73–85; Dec. Dig. § 9.*]

2. ABATEMENT AND REVIVAL (§ 8*)—PENDENCY OF OTHER ACTION—SAME CAUSE OF ACTION.

As regards right of A. to have abated an action by B. against him for land, because of pendency of a prior action by A. against B. for practically the same land, it is immaterial that B. in the second action claims a small amount of land not embraced in the first action; ·A. in the second action disclaiming all land described therein not embraced in the first action.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 39–56, 58–63, 68–72; Dec. Dig. § 8.*]

Appeal from District Court, Orange County; A. E. Davis, Judge.

Suit by the Miller & Vidor Lumber Company against P. P. Williamson and others. From a judgment of abatement and dismissal, plaintiff appeals. Affirmed.

Carlton, Townes & Townes and R. E. Hardwicke, all of Beaumont, for appellant. Smith & Blackshear, of Jasper, and John B. Warren, of Houston, for appellees.

McMEANS, J. On March 15, 1913, P. P. Williamson, E. I. Williamson, and R. C. Conn brought a suit in the district court of Jasper county against the Miller & Vidor Lumber Company to recover the title to and possession of 160 acres of land, part of the T. & N. O. section No. 82, lying partly in Jasper county and partly in Orange county. The land was described in the plaintiffs' petition by the following field notes: "Beginning at the southeast corner of said section 82; thence north with the east line of said section 82, 950 varas, to stake for corner a sweet gum brs. south 42 deg. west 3 varas and a pine brs. north 55 deg. east 8 varas; thence west, 1,183 varas, stake for corner from which a pine brs. N. 36 deg. W. 7 varas, and a pine brs. south 51 deg. east 3½ varas; thence south 530 varas, stake for corner in the Jasper and Orange county line; thence east with said line 522 varas to the N. E. corner of Wm. Williamson survey; thence south 420 varas, stake for corner; thence east with the south line of said section 665 varas to the place of beginning, containing 160 acres of land." Citation was issued and served on the defendant at 3 p. m. March 19, 1913. On March 19, 1913, the Miller & Vidor Lumber Company brought suit in the district court of Orange county against P. P. Williamson, E. I. Williamson, and R. C. Conn, plaintiffs in the Jasper county suit, to recover the title to and possession of 160 acres of land, part of the T. & N. O. section No. 82, lying partly in Jasper county and partly in Orange county. The land was described in plaintiff's petition by the following field notes: "Beginning at the southeast corner of T. & N. O. section No. 82, on the west boundary line of the Ed. Hurst No. 10 survey, from which a pine stump bears north 62 west 27 varas distant; thence west 685 varas to the northeast corner of the Wm. Williamson survey and southeast corner of Wm. Williams, stake for corner from which a pine 18 inches in diameter bears north ½ varas, pin oak 14 inches in diameter bears south 59 west 10½ varas distant, and a sweet gum 8 inches in diameter bears south 45 east 7½ varas distant; thence north on the east boundary line of Wm. Williams at 425 varas the Orange and Jasper county line, at 846 varas stake for corner, northeast corner of Wm. Williams; thence west 916 varas to stake for corner in north boundary line of Wm. Williams; thence north 144 varas stake for corner; thence east 1,483 varas stake for corner in east boundary line of T. & N. O. section No. 83; thence south 565 varas to county line, Orange and Jasper counties; thence continuing at 990 varas place of beginning."

[1, 2] The district court of Orange county convened in advance of the district court of Jasper county, and when the Orange county suit was reached the defendants filed and

presented a plea in abatement, setting up the pendency of the suit between the same parties in Jasper county, and this plea was sustained and the Orange county suit dismissed, and from the judgment of dismissal the plaintiff Miller & Vidor Lumber Company has appealed.

It is proper to here state that at the time of filing the plea in abatement the defendants in the Orange county suit, not waiving their plea, filed a disclaimer as to all the land embraced in and described by the field notes in the Orange county suit that was not included in the field notes describing the land sued for by them in the Jasper county suit. A comparison of the field notes will disclose that, while the tract sued for in both suits is substantially the same, the description given in the Jasper county suit covered a small acreage not described in the field notes set out in the petition in the Orange county suit, and the description given in the Orange county suit covered a small amount of land not described in the field notes set out in the petition in the Jasper county suit. Just what number of acres that was included in the one and not included in the other the record does not disclose. No statement of facts accompanies the record, but the case is brought up on the court's findings of fact filed at the request of the appellant; and from these findings we take the following: "Sixth. I find that the plaintiff in the suit in the district court of Orange county is the defendant in the suit in the district court of Jasper county; that the defendants in the suit in the district court of Orange county are the plaintiffs in the suit in the district court of Jasper county. Seventh. I find as shown by the respective petitions, which are hereinafter copied, that the greater part of the land embraced in the two suits is the same; however, a portion of the land involved in the Jasper county suit is not involved in the suit in Orange county, and a portion of the land involved in the suit in Orange county is not involved in the suit in Jasper county." ·

The court's conclusion of law is as follows: "I conclude as a matter of law that while the position of the parties in the two suits mentioned in the foregoing findings of fact are reversed, and while there are some minor discrepancies between the two tracts of land described in the respective petitions, nevertheless, in legal contemplation, the two suits are between the same parties and upon the same cause of action. I therefore conclude that the present suit brought in the district court of Orange county should be abated and dismissed as prayed for," etc.

By its first assignment of error appellant complains that the court erred in overruling its motion for new trial on the third ground thereof, which is that: "The court erred in sustaining defendants' motion to dismiss and in dismissing this cause, because it appeared that the defendants in this suit are the plaintiffs in the suit pending in Jasper county, and that the plaintiff has brought but one suit against said defendants for the property involved herein." Under this assignment appellant contends that the pendency of two suits between the same parties and relating to the same subject-matter is not sufficient grounds for abatement of one unless the plaintiff is the same in each suit, and in position to control both suits, and to discontinue or prosecute both suits as he sees fit, and cites several cases in support of this contention, the first of which is Langham v. Thomason, 5 Tex. 127. This case is not in point. It is true that the court makes the broad statement that the plea in abatement cannot be maintained unless the plaintiff be the same in both suits, and under the facts of that case this statement is correct. The facts were that the former action pleaded in abatement was an action brought in the name of the wife alone, without the right or authority thus to sue, and one which she had no right to maintain. Afterwards the husband, joined by his wife, brought a suit on the same cause of action, and to this action the pendency of the first suit was pleaded in bar. The court correctly held that the first suit did not dispense with the necessity of the second, and was not therefore such an action as could be effectually pleaded in abatement of a subsequent suit by a party entitled to maintain the action. It is clear, we think, that had the court found that the first suit dispensed with the necessity of bringing the second, a different conclusion would have been reached.

Another case cited is Simmang v. Braunagel, 27 S. W. 1032. We do not think this case sustains appellant's contention, as the subject-matter of the suits was not the same although the parties were the same. The syllabus reflects the opinion, and is as follows: "In an action on a note, by an indorsee thereof, it is no defense that, before the institution of the suit, defendant commenced an action against plaintiff and the payee to cancel the note, on account of failure of the consideration thereof, and that said action is still pending." In Ellis v. Tips, 16 Tex. Civ. App. 82, 40 S. W. 524, exceptions to a plea in abatement because of the pendency of another suit, in which the parties plaintiff and defendant were reversed, were sustained; but the ground of the court's action does not clearly appear from the opinion. Olschewske v. King, 43 Tex. Civ. App. 474, 96 S. W. 665, was an action brought by plaintiff to rescind a contract of sale of land, and the pending suit pleaded in abatement was a suit of trespass to try title to the same land. The court very correctly held, we think, that the pendency of the former suit did not estop plaintiff from prosecuting his suit for rescission. Manifestly the causes of action were not the same. In Mutual Life Insurance Company v. Hargus, 99 S. W. 580, a general agent of an insurance company brought suit on a note giv-

en by the insured for the first annual premium for a policy of insurance, and afterwards the insured brought an action for cancellation of the policy and the note based on the fraudulent representations of the agent soliciting the insurance; and it was held that the pendency of the suit filed first was not a bar to the second. The court states no reasons for its holding, but we think it clear that it was because the parties and the causes of action were not identical. To the same general effect are Garza v. Piano Company, 126 S. W. 906, and Milling Company v. Gin. Co., 132 S. W. 856, which are the only other Texas cases cited by the appellant, and which, in our opinion, do not sustain its contention. But, on the other hand, it has been held that there is a rule of law, growing out of a manifest propriety, if not necessity, that the court which first acquires jurisdiction over a controversy should maintain it undisturbed by the interference of any other court of co-ordinate jurisdiction. Stone v. Byars, 32 Tex. Civ. App. 154, 73 S. W. 1086; Tex. Trunk Ry. v. Lewis, 81 Tex. 1, 16 S. W. 647, 26 Am. St. Rep. 776; Nat. Bank v. Goolsby, 12 Tex. Civ. App. 362, 35 S. W. 713; Burdett v. State, 9 Tex. 43.

If this is a correct principle, we cannot recognize any exception to it growing out of the fact that the plaintiffs in one suit are defendants in the other, provided of course that the parties and the subject-matter of both suits are the same; and in this case the court has found that the parties are the same and in legal contemplation the suits are upon the same cause of action, although there are some minor discrepancies in the description of the land as given in the respective petitions of the parties. It will be noted, however, that the defendants in the Orange county suit disclaimed title to any portion of the land claimed by plaintiff in that suit which is not described and sued for by them in the suit in Jasper county; so that all of the remainder of the land sued for by Miller & Vidor Lumber Company in Orange county, after allowing the disclaimer, was the direct subject of litigation in the suit in Jasper county. To hold that because the plaintiffs in both suits were not the same the plea in abatement cannot be sustained might result in this anomaly: Suppose both suits should be tried in the respective courts in which they are brought, and the jury upon conflicting evidence should return a verdict for the plaintiff in each court, and a judgment rendered in accordance therewith should be entered; that thereafter the defendant in each suit should appeal, and the appellate court should hold on each appeal that as the verdict was rendered on conflicting evidence, and as the law was properly applied by the court in its charge, it was not authorized to disturb the judgment. Here we would have a judgment of two courts of co-ordinate jurisdiction, both

affirmed, one of which would be for the plaintiff in each suit; or, in other words, both parties to the suit would have recovered a judgment for the same land. Which party then would have the better title? Their difficulties would be no nearer a solution than before the suits were begun.

If the cases from the Courts of Civil Appeals cited by appellant and above referred to are not distinguishable from this case because of the differences pointed out above, then we hold that they are not supported by any decision of our Supreme Court, and we decline to follow them. The assignment is overruled.

We have examined the remaining assignments of error presented by appellant in its brief and are of the opinion that none of them points out reversible error.

The judgment of the court below is affirmed.