VILLAGE MILLS CO. v. HOUSTON OIL CO. OF TEXAS. (No. 171.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 10, 1916. Rehearing Denied Dec. 7, 1916.)

ABATEMENT AND REVIVAL ⚖=16—PENDENCY OF OTHER ACTION—IDENTITY OF ISSUES.

Where one party had previously sued the other to determine title to certain lands, and judgment had been rendered which was appealed from, and pending appeal the other party entered upon the lands to cut timber therefrom, the other claimant was not entitled to injunction to restrain cutting such timber; the court having no jurisdiction in view of submission of the question of title in the prior case.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 72, 118–122; Dec. Dig. ⚖=16.]

Appeal from District Court, Hardin County; J. Llewellyn, Judge.

Suit for injunction by the Houston Oil Company of Texas against the Village Mills Company. From an order granting a writ on ex parte hearing without notice, the defendant appeals. Reversed, and motion to dissolve the injunction sustained.

See, also, 186 S. W. 785.

W. D. Gordon, H. G. Russell, and Thos. J. Baten, all of Beaumont, for appellant. Parker & Kennerly, of Houston, for appellee.

BROOKE, J. The preliminary statement made by the appellant is a fair and impartial statement of the nature and result of the case, and we here adopt the same, as follows:

"This action was instituted by the Houston Oil Company, appellee, in the district court of Hardin county, for the Seventy-Fifth judicial district, seeking a writ of injunction pendente lite against the Village Mills Company, appellant. The object of the suit was to enjoin the appellant from holding possession of, cutting, or removing, timber from a certain league of land in Hardin county, known as the D. C. Montgomery League, during the pendency of a certain suit originating in the district court of Hardin county, Tex., for the Ninth judicial district, as cause No. 2570, styled Houston Oil Company of Texas et al. v. Village Mills Company, and involving the title and possession to said league of land, as between this appellee and appellant. This last-named suit is now pending in this honorable court on appeal, as cause No. 42, Village Mills Company, Appellant, v. Houston Oil Company of Texas, Appellee. The lower court in vacation on an ex parte hearing without notice granted the writ of injunction as prayed for upon the showing made by the petition, without proof, and from such action this appeal was taken.

"In the petition upon which this writ was granted, appellee alleged that it was in good faith asserting its title to said league of land under title and color of title from the sovereignty of the soil, and, while so claiming, had been in actual possession thereof for more than 10 years, paying all taxes thereon as they accrued; that since the 6th day of June, 1906, it has held actual and exclusive possession of said land through its tenant, H. J. Cockerham.

"It is further alleged therein that early in the year 1914, the Village Mills Company entered upon said league and began to cut and remove timber therefrom, which it agreed to stop upon the Houston Oil Company bringing suit for the title and possession of such land, and that thereafter the Houston Oil Company duly filed suit in the district court of Hardin county for the Seventy-Fifth judicial district, same being suit No. 2570, styled Houston Oil Company v. Village Mills Company, the petition being in the ordinary form of trespass to try title, plaintiff (appellee) claiming to hold the land in fee simple under title and color of title from the sovereignty of the soil, and further pleading the three, five, and ten years' statute of limitations; that the defendant (appellant) appeared and filed answer, and upon trial judgment was rendered for plaintiff (appellee), for the title and possession of said league, as well as for damages for all timber cut, whereupon the Village Mills Company appealed said cause to this honorable court, where it is now pending, as aforesaid; that the Village Mills Company is now threatening to go again upon said league of land and cut and remove merchantable timber therefrom, and will do so in a few days unless prevented by injunction.

"The petition closes with a prayer for writ of injunction to prohibit the Village Mills Company from cutting and removing timber from said league, as well as from trespassing thereon during the pendency of said suit originating in the district court of Hardin county for the Seventy-Fifth judicial district, in cause No. 2570, as aforesaid.

"Attached to the foregoing petition is the affidavit of Oswald S. Parker, appellee's attorney of record, to its correctness, except wherein the allegations were made upon information and belief, as well as the allegations of possession by H. J. Cockerham, all of which affiant states he believes to be true.

"The records of this honorable court, as well as of the lower court, show that said cause No. 2570, Houston Oil Company of Texas et al. v. Village Mills Company, was instituted by the Houston Oil Company in the district court of Hardin county for the Ninth judicial district, and not in the lower court. Such records further show that the Houston Oil Company instituted such action, seeking to recover the possession of said league of land from the Village Mills Company, whom they alleged had ousted them therefrom and were withholding such possession thereof."

The contention in this case is twofold: First, that the lower court acted without jurisdiction in attempting to grant the relief prayed for; and, second, that the action of the court in granting relief was an abuse of judicial discretion. The first proposition is:

"The lower court acted without jurisdiction in attempting to grant the relief sought herein, because, the controversy over the title and possession of the league of land in question having been submitted by the parties hereto to a court of competent jurisdiction, to wit, the district

court of Hardin county for the Ninth judicial district, that court had exclusive jurisdiction over the entire controversy, subject only to the jurisdiction of the Court of Civil Appeals for the Ninth Supreme Judicial District, to which said case was appealed. And the lower court was without authority to interfere in such controversy by granting a writ of injunction under the guise of protecting the subject-matter pending the aforesaid litigation or otherwise."

Without undertaking to thoroughly discuss the proposition, we deem it sufficient to say that, in our opinion, this first contention of appellant is correct; that is, we are of opinion that the lower court acted without jurisdiction in attempting to grant the relief prayed for. In the case of Miller & Vidor Lumber Company v. Williamson et al., 164 S. W. 441, the court says:

"By its first assignment of error appellant complains that the court erred in overruling its motion for new trial on the third ground thereof, which is that: 'The court erred in sustaining defendants' motion to dismiss and in dismissing this cause, because it appeared that the defendants in this suit are the plaintiffs in the suit pending in Jasper county, and that the plaintiff has brought but one suit against said defendants for the property involved herein.' Under this assignment appellant contends that the pendency of two suits between the same parties and relating to the same subject-matter is not sufficient grounds for abatement of one unless the plaintiff is the same in each suit, and in position to control both suits, and to discontinue or prosecute both suits as he sees fit, and cites several cases in support of this contention, the first of which is Langham v. Thomason, 5 Tex. 127. This case is not in point. It is true that the court makes the broad statement that the plea in abatement cannot be maintained unless the plaintiff be the same in both suits, and under the facts of that case this statement is correct. The facts were that the former action pleaded in abatement was an action brought in the name of the wife alone, without the right or authority thus to sue, and one which she had no right to maintain. Afterwards the husband, joined by his wife, brought a suit on the same cause of action, and to this action the pendency of the first suit was pleaded in bar. The court correctly held that the first suit did not dispense with the necessity of the second, and was not therefore such an action as could be effectually pleaded in abatement of a subsequent suit by a party entitled to maintain the action. It is clear, we think, that had the court found that the first suit dispensed with the necessity of bringing the second, a different conclusion would have been reached.

"Another case cited is Simmang v. Braunagel, 27 S. W. 1032. We do not think this case sustains appellant's contention, as the subject-matter of the suits was not the same, although the parties were the same. The syllabus reflects the opinion, and is as follows: 'In an action on a note, by an indorsee thereof, it is no defense that, before the institution of the suit, defendant commenced an action against plaintiff and the payee to cancel the note, on account of failure of the consideration thereof, and that said action is still pending.' In Ellis v. Tips, 16 Tex. Civ. App. 82, 40 S. W. 524, exceptions to a plea in abatement because of the pendency of another suit, in which the parties plaintiff and defendant were reversed, were sustained; but the ground of the court's action does not clearly appear from the opinion. Olschewske v. King, 43 Tex. Civ. App. 474, 96 S. W. 665, was an action brought by plaintiff to rescind a contract of sale of land, and the pending suit pleaded in abatement was a suit of trespass to try title to the same land. The court

very correctly held, we think, that the pendency of the former suit did not estop plaintiff from prosecuting his suit for rescission. Manifestly the causes of action were not the same. In Mutual Life Insurance Company v. Hargus, 99 S. W. 580, a general agent of an insurance company brought suit on a note given by the insured for the first annual premium for a policy of insurance, and afterwards the insured brought an action for cancellation of the policy and the note, based on the fraudulent representations of the agent soliciting the insurance; and it was held that the pendency of the suit filed first was not a bar to the second. The court states no reasons for its holding, but we think it clear that it was because the parties and the causes of action were not identical. To the same general effect are Garza v. Piano Company [59 Tex. Civ. App. 590] 126 S. W. 906, and Milling Company v. Gin Co., 132 S. W. 856, which are the only other Texas cases cited by the appellant, and which, in our opinion, do not sustain its contention. But, on the other hand, it has been held that there is a rule of law, growing out of a manifest propriety, if not necessity, that the court which first acquires jurisdiction over a controversy should maintain it undisturbed by the interference of any other court of co-ordinate jurisdiction. (Italics ours.) Stone v. Byars, 32 Tex. Civ. App. 154, 73 S. W. 1086; Tex. Trunk Ry. Co. v. Lewis, 81 Tex. 1, 16 S. W. 647, 26 Am. St. Rep. 776; Nat. Bank of Goolsby, 12 Tex. Civ. App. 362, 35 S. W. 713; Burdett v. State, 9 Tex. 43. If this is a correct principle, we cannot recognize any exception to it growing out of the fact that the plaintiffs in one suit are defendants in the other, provided, of course, that the parties and the subject-matter of both suits are the same; and in this case the court has found that the parties are the same, and in legal contemplation the suits are upon the same cause of action, although there are some minor discrepancies in the description of the land as given in the respective petitions of the parties."

Continuing, the court says:

"To hold that because the plaintiffs in both suits were not the same the plea in abatement cannot be sustained might result in this anomaly: Suppose both suits should be tried in the respective courts in which they are brought, and the jury upon conflicting evidence should return a verdict for the plaintiff in each court, and a judgment rendered in accordance therewith should be entered; that thereafter the defendant in each suit should appeal, and the appellate court should hold on each appeal that as the verdict was rendered on conflicting evidence, and as the law was properly applied by the court in its charge, it was not authorized to disturb the judgment. Here we would have a judgment of two courts of co-ordinate jurisdiction, both affirmed, one of which would be for the plaintiff in each suit; or, in other words, both parties to the suit would have recovered a judgment for the same land. Which party then would have the better title? Their difficulties would be no nearer a solution than before the suits were begun. If the cases from the Courts of Civil Appeals cited by appellant and above referred to are not distinguishable from this case because of the differences pointed out above, then we hold that they are not supported by any decision of our Supreme Court, and we decline to follow them."

See, also, the following authorities in support of the proposition: Good v. Texas & Pac. Ry. Co. et al., 166 S. W. 670; Savage v. State, 138 S. W. 211 (writ of error denied); McGee v. Anderson et al., 146 S. W. 1198 (writ of error denied); Allen v. Thomson, 156 S. W. 304; 7 Ruling Case Law, 105, 106, subd. "Courts," 11 Cyc. 985, subd. "Pri-

ority and Effect"; Thos. Goggan & Bros. v. Morrison, 163 S. W. 121; Sparks v. Natl. Bank of Commerce, 168 S. W. 48 (writ of error denied); Brady v. Hancock, 17 Tex. 362; Stone v. Byars, 32 Tex. Civ. App. 154, 73 S. W. 1086 (writ of error denied).

Being of the opinion that the court which issued the injunction was without jurisdiction, it would be useless, however interesting, to discuss the other questions raised by appellant. The writer, however, is of the opinion that both of the remaining issues raised by appellant are sound legal propositions, and should have been sustained.

Believing, as above stated, that the court which issued the injunction was without authority to do so, we reverse the case and sustain the motion to dissolve the injunction issued by the lower court in this cause; and it is so ordered.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes