JAKE LEVINGSTON ET AL v. J. P. DAVIS ET AL.

Decided November 13, 1900.

**Homestead—Abandonment—Separate Tracts of Land.**

Plaintiff, owning a 60 acres tract of land as his homestead, bought another 64 acres tract three miles distant, moved to it and resided there a year, renting out the first tract, except five or six acres which he still cultivated. He cultivated both tracts the next year, but having lost the latter tract in a law suit he moved back to the former. While living on the 64 acres tract he designated both tracts as his homestead and had the designation recorded, and at the trial testified that both tracts, while he owned both, were his homestead, but on two prior occasions he had stated that the 64 acres tract was not then his homestead, nor claimed as such. Held, that the removal to the latter tract was not an abandonment of the 60 acres tract as part of the homestead so as to subject it to a judgment lien attaching thereto during plaintiff's residence on the other tract.

APPEAL from Ellis. Tried below before Hon. J. E. DILLARD.

*Kearby & Muse* and *Singleton & Bisland,* for appellants.

*Groce & Skinner,* for appellee.

RAINEY, CHIEF JUSTICE.—In July, 1897, J. P. Davis executed a deed of trust to the land in controversy to secure certain indebtedness due Jake Levingston, the appellant. Default having been made, the trustee advertised the land for sale under said trust deed, and J. P. Davis and wife and their vendee brought this suit to enjoin the sale of said land on the ground that the land was then and at the time of the execution of said deed of trust the homestead of Davis and wife. Appellant Levingston claims that in the year 1896 Davis and wife abandoned said land as a homestead, and during said year he and others recovered judgments against J. P. Davis, which were duly abstracted and recorded in that year, by which a lien was fixed upon said land. That suit was brought against Davis and wife in November, 1896, to subject said land to the payment of the judgments, and in settlement of said litigation Davis gave his several notes and executed the deed of trust in 1897, as aforesaid, to secure same.

The evidence shows that Davis bought the land in controversy, consisting of 60 acres, in 1888, and moved on it with his family and made it his home. In 1893 he bought another tract containing 64½ acres, three miles distant from the 60-acre tract. In 1895 he told several parties that he intended to move on the 64½ acres and make it his home. He did move onto the 64½-acre tract, and made some improvements thereon in 1896.. For the year 1896 he rented to his brother all the 60-acre tract, except five or six acres which he cultivated in sorghum for his cattle. His brother furnished his own team and tools and paid him one-half the crops raised. During the year 1897 he cultivated the 60 acres himself. The same year the 64½ acres were sold under a lien for the purchase money, and he had to give up that tract. Late in the fall of that

year he moved with his family back to the 60 acres. In December, 1896, he designated the two tracts as his homestead and had same recorded. In July, 1897, the deed of trust was executed to the land by Davis, his wife not joining him in the execution thereof. At the time of its execution appellant testifies that Davis told him he, Davis, was living on the 64½ acres, and the 60 acres was not his homestead and he did not claim it as such. There was also testimony that Davis stated to a party in 1898 that the 60 acres was not his homestead in 1896, and that Levingston had a valid lien on it, and to another party in 1897, when dispossessed of the 64½ acres, that said 64½ acres was his homestead. Davis testified that he was a farmer, and in 1895 to 1897, inclusive, he claimed both tracts as a homestead and used both as a farmer for the support of his family.

The pivotal question arising for determination is, did the removal of Davis to the 64½-acre tract and remaining thereon during the year 1896, under the circumstances, constitute an abandonment of his homestead right to the 60-acre tract and subject same to the judgment liens as claimed by appellant? On the question of homestead the court charged the jury, in effect, that if Davis and wife were using and cultivating as part of their homestead the 60 acres at the time the deed of trust was executed in July, 1897, the deed of trust was void.

The appellant complains of this paragraph of the charge, and contends that the main issue was, whether the 60-acre tract was abandoned as a homestead in 1896, and whether the recording of the abstract of judgments fixed a lien upon said tract. If said tract was abandoned as a homestead and the judgment liens attached thereto, then Davis, as the head of the family, had the right, if acting in good faith for the protection of the homestead, to execute the deed of trust, and same was valid. The appellant requested special charges embracing this phase of the case, which were refused by the court. This theory of the case is the only one, in our opinion, that has any shadow of basis for a recovery by appellants, and if there is sufficient evidence upon this issue upon which a verdict for appellant could be predicated, then the judgment should be reversed. But under our view of the evidence it entirely fails to show an abandonment of the 60-acre tract in 1896 as a part of the homestead, and the error in the court's charge and in failing to present the special charges becomes immaterial and harmless, as no other proper verdict could have been rendered.

The Constitution exempts 200 acres of land in the country to the head of a family, whether in one or more tracts, provided the same is used for homestead purposes. The two tracts owned by Davis together contained only 124½ acres, and unless there was some act of his showing that he abandoned the 60 acres it can not be said that it was subject to the deed of trust. The homestead character having been impressed upon it, an abandonment thereof as such must appear before it would lose that character. When Davis purchased the 64½-acre tract and used it for farming purposes in connection with the 60-acre tract, the two tracts constituted his homestead, and the removal with his family to the

64½-acre tract was not an abandonment of the 60-acre tract so long as he continued to use it for the purposes of a home. The evidence not only fails to show any use of it inconsistent with its use as a home, but on the contrary shows that it was used for homestead purposes. His declarations of his intention to move on the 64½-acre tract and make it his home were not inconsistent with the idea of his retaining the 60 acres as part of his homestead exemption. The evidence showing that he continued to use the 60 acres after his removal, its homestead character remained, and his statements that it was not his homestead while so using it did not affect its status as such. The judgment is affirmed.

*Affirmed.*