## MRS. M. E. RICE v. SAM A. RICE.

### Decided November 28, 1900.

**1. Habeas Corpus—Jurisdiction of County Court.**

The county court has not jurisdiction of an action by habeas corpus the sole object of which is to determine to whom the custody of a minor child belongs, since the Constitution has conferred only upon the district courts the general equity power of issuing the writ of habeas corpus in cases where it is not necessary to enforce a jurisdiction that has otherwise attached. Constitution, article 5, sections 8 and 16, construed.

**2. Same—Appeal.**

A proceeding by habeas corpus from the county court to determine merely the right to the custody of a minor child is not one relating to the guardianship of the minor and of which the district court has appellate jurisdiction over the county court, but is a civil proceeding in which, though the county court is without jurisdiction, an appeal lies only to the Court of Civil Appeals.

APPEAL from the County Court of Hill. Tried below before Hon. J. B. REYNOLDS.

*A. P. McKinnon,* for appellant.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted in the County Court of Hill County by appellee, as plaintiff, against the appellant, as defendant, to recover the possession and custody of his infant child, John D. Rice. The application alleged that plaintiff was the father of said infant and entitled to his custody, and that the child was illegally restrained of his liberty by defendant. There was a prayer for writ of habeas corpus which was issued by the county judge and duly served. The defendant demurred to the application on the ground that the County Court had no jurisdiction of the matters set up therein. She further answered to the merits. The cause came on for trial, the demurrer was overruled, to which defendant duly excepted. The trial resulted in a judgment for plaintiff, awarding him the custody of the child. From this judgment defendant has duly prosecuted an appeal to this court.

The only question raised by the assignment of error for the determination of this court is, did the County Court have jurisdiction in this case? It is a civil action in which the only matter to be ascertained is, who is entitled to the custody of the infant.

In a case appealed to this court from the District Court of Grayson County, the question arose whether the District Court had jurisdiction to issue the writ of habeas corpus and determine in that proceeding to whom the custody of the infant child belonged. This court certified this question to our Supreme Court, and that court held that the district courts had jurisdiction in such cases. The decision is based upon a construction of article 5, section 8, of the present Constitution of this State as amended in 1891, which declares that said "courts [district] and the judges thereof shall have power to issue writs of habeas corpus, mandamus, injunctions, certiorari, and all the writs necessary to en-

force their jurisdiction." Legate v. Legate, 87 Texas, 248. This case is conclusive that the district court has jurisdiction in such cases.

We also think it clear that the jurisdiction conferred upon the county courts by the present Constitution, article 5, section 16, does not confer upon that court jurisdiction to determine in a proceeding by habeas corpus to whom the custody of an infant belongs. Const., art. 5, sec. 16; Dean v. State, 88 Texas, 294; Casanover v. Massengale, 54 S. W. Rep., 317; State v. Deaton, 93 Texas, 243.

We are aware that it was held by the former Court of Appeals of this State that in a proceeding similar to the one under discussion the county court had jurisdiction. Stirman v. Turner, 4 Willson Civ. Cas., sec. 140. This decision was rendered prior to the change made in the judiciary article of the Constitution of this State by the amendment thereto adopted in 1891. Hence, that decision is not now authority on this question.

It follows that the County Court erred in not sustaining appellant's demurrer to plaintiff's application. The judgment must be reversed, and it is our duty to render such judgment as should have been rendered by the court below. Defendant's demurrer to plaintiff's petition is sustained, and this cause is dismissed for want of jurisdiction of the County Court over the subject matter of this suit.

*Reversed and dismissed.*

### OPINION ON APPELLEE'S MOTION TO DISMISS.

The appellee filed in this cause a motion to dismiss this appeal, because, he alleges, the appeal should have been taken to the District Court of Hill County, and not to this court. The contention of appellee is, that this is a proceeding relating to the guardianship of the minor, and that in such a case the district court has appellate jurisdiction over the county court. Rev. Stats., art. 2551.

This is not an application for the appointment of a guardian of a minor. It is a civil proceeding by habeas corpus, in which the sole question to be determined is, who is entitled to the custody of the infant? The County Court assumed jurisdiction in the matter and rendered a judgment. The appellant complains that said judgment is erroneous, and has prosecuted an appeal to this court. The appeal was properly prosecuted to this court. Appellant's motion to dismiss the appeal is therefore overruled.

*Overruled.*