LUCID et al. v. McDOWELL, District Judge. (No. 442.)

(Court of Civil Appeals of Texas. Beaumont. Oct. 26, 1918.)

1. MANDAMUS ⬳31 — RIGHT TO REMEDY — MATTERS OF DISCRETION.

Since under Vernon's Sayles' Ann. Civ. St. 1914, art. 1714, the judges of the district courts are empowered but not required to make orders in vacation, where a judge in vacation set down habeas corpus proceeding for hearing the respondents, who filed a plea of privilege to be sued in their own county, could not, by mandamus, compel the judge to hear and pass upon their plea when he preferred to continue the cause until term time.

2. VENUE ⬳70—EFFECT OF UNCONTRADICTED PLEA OF PRIVILEGE.

Where in habeas corpus defendants' plea of privilege to be sued in their own county was not controverted, the plea itself is prima facie evidence of their right to a transfer, in view of Acts 35th Leg. c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903).

3. VENUE ⬳36—RIGHT TO CHANGE OF VENUE—HABEAS CORPUS PROCEEDING.

In habeas corpus to determine proper custody of children, which was in effect merely a civil action, respondents, upon proper showing, have the right to a change of venue to the county of their residence.

Original proceeding for mandamus by Tom Lucid and others against E. A. McDowell, as judge of the Sixtieth district court. Writ denied and petition dismissed.

E. M. Chester and E. E. Easterling, both of Beaumont, for relators. W. E. Orgain, of Beaumont, for respondent.

HIGHTOWER, C. J. This is an original proceeding in this court for the writ of mandamus, brought by Tom Lucid and his wife and Henry Weber, as relators, in which Hon. E. A. McDowell, as judge of the Sixtieth judicial district, is made respondent. The purpose of the proceeding is to compel said respondent to proceed to judgment on a plea of privilege interposed by relators in a certain habeas corpus proceeding, which was commenced before said respondent as district judge, on the 28th day of September, 1918, in which proceeding Kezzie Turnipseed and her husband, J. H. Turnipseed, are relators, and said Lucid and wife and Weber are respondents. When the petition for mandamus was presented to this court it was ordered that the same be set down for hearing on the 14th day of October, 1918, and Hon. E. A. McDowell, respondent, was cited to appear before this court on that date and show cause, if any, why the writ should not be granted as prayed. On the day set for hearing of the application the respondent appeared by attorney and filed an answer, interposing general and certain special exceptions, a general denial, and also specially denying, in effect, all material allegations contained in the application for the writ.

We think that our disposition of the case will be more clearly understood by making a brief statement, at this point, of the controversy between the parties in the habeas corpus proceeding, and also of such proceedings as were had before the respondent here touching this controversy. As stated above, an application for the writ of habeas corpus was presented to Judge McDowell on the 28th day of September, 1918, by relators herein, in which application it was alleged, substantially, that Mrs. Kezzie Turnipseed was the mother of five minor children, naming them, who were the issue of a marriage between her former husband, Henry Weber, and herself, and that the possession of said children had, by means of fraudulent promises and representations and statements and conduct on the part of the said Mrs. Lucid, been obtained by the said Mrs. Lucid, and had been wrongfully and fraudulently withheld from their said mother, and restrained of their liberty, etc.; that the said Mrs. Lucid was the mother of said Henry Weber, the father of said children, from whom Mrs. Turnipseed was legally divorced several years ago, and that the said Henry Weber makes his home with his said mother in Cherokee county, and was also in possession of said children, and participating wrongfully in withholding them from their said mother; that the said Henry Weber was an unfit and unqualified person to have the care and custody of said children, and that said Mrs. Turnipseed was. entitled to their possession and custody, and said Hon. E. A. McDowell was prayed to so determine and to adjudge the right to the possession and custody of said children to be in their mother, the said Mrs. Turnipseed, and that it would be for the best interests of said children to so decree.

At the time the application for the writ of habeas corpus was presented to Judge McDowell his court was in vacation, and he indorsed his fiat on said application, and ordered that the same be set down for hearing on the 4th day of October, 1918, before him at the courthouse in Jefferson county, and commanded the respondents in that proceeding, Tom Lucid and wife and Henry Weber, to produce before him on that date said children. Thereafter, and on said 4th day of October, the respondents in said habeas corpus proceeding appeared before Judge McDowell, as did also the attorney for the relators, and thereupon the attorney for the respondents in that proceeding, Tom Lucid and wife and Henry Weber, filed and presented to Judge McDowell their plea of privilege to

be sued in Cherokee county, Tex., the county of their residence and domicile, and requested Judge McDowell to hear and rule upon said plea of privilege, and to change the venue of said proceeding and suit to the district court of Cherokee county. This plea of privilege in all respects complied with the statute, and contained facts which, if true, entitled the respondents in that proceeding to be sued in the district court of Cherokee county, and to have the same transferred to said district court of Cherokee county for trial and disposition. This plea of privilege was in no manner controverted by the relators in that proceeding, but, when the same was presented to Judge McDowell for his action and ruling, the attorney for the relators there stated to Judge McDowell that he desired to read a decision from one of the appellate courts in this state, which would show that the respondents in that proceeding were not entitled to have the cause transferred to the district court of Cherokee county and that the plea of privilege should be overruled. At the time, however, the plea of privilege was presented, it appeared that the children named in the writ of habeas corpus had not been produced before Judge McDowell, as commanded, but an affidavit of a physician was presented, showing that one of the children was sick and could not be produced, and it was further represented to Judge McDowell by the attorney for the respondents in that proceeding that the other children named in the writ were attending school at Rusk, in Cherokee county, and that it would be very inconvenient, as well as expensive, to bring them to Beaumont, and entirely unnecessary to do so in the event the plea of privilege should be held to be good; and it was insisted by the attorney for the respondents that the plea be entertained and acted upon at that time, notwithstanding the children were not present, and thereupon it seems some colloquy took place between the attorneys for the respective parties before said judge, and, finally, as shown by the answer of Judge McDowell, under oath, in this proceeding, he declined to determine and rule upon said plea of privilege at that time, but instead made an order resetting the hearing of said habeas corpus proceeding and the plea of privilege filed therein for the 14th day of October thereafter. There is some contradiction between the parties here as to some things that were done at the time the plea of privilege was presented, and as to why the same was not then promptly ruled upon and disposed of by Judge McDowell; but in view of the disposition that we shall make of this case, and our reason therefor, we think it unnecessary to determine these matters of contradiction and questions of fact as made by the petition of relators herein and the answer of respondent, even if we are authorized to do so, and therefore deem it unnecessary to notice in detail these contradictory contentions.

The gist of the complaint in the application here for the writ of mandamus is that Judge McDowell, having set the habeas corpus proceeding down for hearing on said 4th day of October, with the consent of the parties thereto, and the respondents there having presented to him the plea of privilege to be sued in the county of their domicile, which plea was entertained by said judge and in no manner controverted by the relators there, it became the clear legal duty of Judge McDowell to then rule upon and determine said plea of privilege by either overruling or granting the same, and that he had no discretion to do otherwise; but that he arbitrarily refused to rule upon said plea of privilege, and would neither grant nor overrule the same at said time, but arbitrarily, and over the objection of the attorney for the relators here, postponed and reset the hearing of said plea of privilege for the 14th day of October thereafter, and stated then and there that he would not hear and determine said plea of privilege until said children should be produced in obedience to the writ of habeas corpus which he had issued; and that Judge McDowell, in so postponing and resetting said plea of privilege for hearing, and in declining to act upon the same when presented, did so for the reason alone that said children had not been produced at said time in obedience to said writ of habeas corpus, and that such claimed reason was no legal or just reason, and that Judge McDowell's action in that respect was clearly arbitrary and unwarranted and unjustified.

[1] If this contention on the part of relators here should be conceded to be correct, to the extent that Judge McDowell should not have declined to proceed to judgment on the plea of privilege merely for the reason that said children had not been produced in obedience to the writ of habeas corpus, if such was his reason for so refusing, still we think, under the facts of this case, this court would not be authorized to grant the writ of mandamus as prayed. On the 4th day of October, 1918, Judge McDowell's court (the Sixtieth judicial district) was not in session, but, on the other hand, was in vacation, and the whole of the habeas corpus proceeding was had before him in vacation as a district judge, and not as the district court of said district.

Article 1714, Vernon's Civ. Statutes of Texas, reads as follows:

"The judges of the district courts may in vacation, by consent of the parties, exercise all powers, make all orders, and perform all acts, as fully as in term time, and may, by consent of the parties, try any case without a jury and enter final judgment, except in divorce cases. All such proceedings shall be conducted under the same rules as if done in term time; and the

right of appeal and writ of error shall apply as if the acts had been done in term time."

Now, it is the contention, in effect, of relators here that notwithstanding the fact that the habeas corpus proceedings were had before Judge McDowell in vacation, yet such proceedings having been had with the consent of the parties thereto and with the consent of said judge, it was just as mandatory on him as such judge to proceed with and determine said plea of privilege, at the time same was presented to him, as it would have been had such proceedings taken place in term time of his court, and he had then refused to rule upon said plea of privilege.

We cannot agree with the contention of relators here in this respect, but, on the contrary, we are of the opinion that the above-quoted statute, while it permits causes to be tried without a jury before a district judge in vacation to be disposed of finally and just as fully as if done in term time, still we do not believe that just because a district judge, whose court may not be in session, should agree, with the consent of the parties, to hear and determine a cause in vacation, he may not thereafter conclude to not hear and determine such a proceeding in vacation, as was done by the respondent here. Before this court would be authorized to issue the writ of mandamus here prayed for, it must be convinced that a clear legal duty rested upon the respondent, Judge McDowell, to hear and rule upon said plea of privilege at the time the same was presented to him in vacation, as above shown; and in view of the provision of article 1714, above quoted, to the effect that a district judge *may*, with the consent of the parties, proceed to the determination of a cause between them, but in our opinion is not required to do so, it cannot be held that a clear legal duty rested upon Judge McDowell to hear and determine said plea of privilege in vacation, notwithstanding the fact that he had agreed or consented to do so, but when such plea was presented withdrew his consent and concluded to postpone the disposition of said plea until the opening of the regular term of his court, on the 14th day of October thereafter. We think, under the article above quoted, properly construed, Judge McDowell had the discretion to postpone the hearing of said plea of privilege and his ruling thereon until the opening of the regular term of his court, and such plea should be reached by the court for determination, and that, therefore, it could not be said that a clear legal duty rested upon said judge to hear and determine said plea in vacation, and that, in the absence of such clear legal duty, this court would not be authorized to grant the writ of mandamus as prayed.

[2] In this connection we might say that in our opinion the plea of privilege interposed in the habeas corpus proceeding was, upon its face, such, in substance and form, as to entitle the respondents in that proceed-

ing to have that cause transferred to the district court of Cherokee county for disposition, as prayed for by the respondents, and, the same not having been in any manner controverted by the relators in that proceeding, the plea itself would be prima facie evidence of the right in the respondents to have said cause so transferred when the same shall be reached for disposition. Gen. Laws 35th Legislature, c. 176, p. 388 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903).

[3] The controversy as to the right of custody and possession of the children hereinbefore mentioned, although taking the form of a habeas corpus proceeding, was nothing more than a civil action or suit involving the question as to which of the contending parties were entitled to have that custody; and the defendants (respondents in that proceeding) would be entitled, we think, if the allegations in the plea of privilege be true, to have that question determined by the proper court in the county of their domicile. Finney v. Walker, 144 S. W. 679; Legate v. Legate, 87 Tex. 250, 28 S. W. 281; Rice v. Rice, 24 Tex. Civ. App. 506, 59 S. W. 941.

We are not called upon to decide whether a district judge or a district court, in a controversy taking the form of a habeas corpus proceeding, in which the real and only question to be determined is the right of custody and possession between the contending parties, as here, would be justified in declining to hear and act upon a proper plea of privilege, when interposed by a respondent in such proceeding, to be sued in the county of his domicile, merely on the ground that the children involved were not produced in obedience to the writ of habeas corpus, and we do not decide that question here.

It is made clear, however, from the answer filed by the respondent here, Judge McDowell, that it is not his intention to decline ruling on relators' plea of privilege until said children shall be produced before him; but he says in his answer, in substance and under oath, that when the plea of privilege shall be reached before his court the same will be determined upon its merits, and that if it should be determined by him, in the exercise of his judicial functions, that the plea should be sustained, such will be his ruling, and the matter will be at an end. We have no right to doubt that such will be his course.

Whatever may be said of the proceeding by writ of habeas corpus, as the same was technically known and understood at the common law, we know that in practice in this state such proceeding is frequently resorted to where, as in this instance, the controlling and main question to be determined is the right of custody and possession of children between contending parties, and we think that usually that question can be fully determined in the absence of the presence of the children involved. Instances, however, may be readily supposed where the judge

or court issuing the writ should and would be justified in compelling the production of the children involved, in order to a full and proper determination of the issue between the parties and the welfare and best interests of the children.

For the reason above given the writ of mandamus prayed for will be denied, and the petition of relators will be dismissed and it is so ordered.