Findings of Fact.
This suit was a proceeding under an application for writ of habeas corpus, the petition therefor alleging that Grace Lee Grimes was illegally restrained of her liberty by F. A. Craven. On the — day of March, 1919, a complaint was duly filed in the county court of McLennan county, sitting as a juvenile court, charging that Grace Lee Grimes was a dependent child. On March 17, 1919, said cause was tried, and the jury returned a verdict that said Grace Lee Grimes was a dependent child. On the same day the county court entered the following judgment:
"It appearing to the court that said Grace Lee Grimes is under sixteen years of age, to wit, nine years of age, and that the evidence adduced shows her to be a dependent child, it is therefore ordered, adjudged, and decreed that said child is a dependent child, and a ward of this court, and subject to this and all further orders of this court until finally discharged, or until she reaches the age of twenty-one years."
On the same day the court issued an order of commitment as follows:
"In the above-entitled cause it appearing to the court that it is to the best interest, morally and physically, of the child, Grace Lee Grimes, that she be turned over to the care and custody of F. A. Craven, probate officer of McLennan county, a suitable person residing in Waco, McLennan county, it is therefore ordered, adjudged, and decreed by the court that the said Grace Lee Grimes be turned over to the care and custody of F. A. Craven, subject to the following stipulations: Until further ordered by this court. And it is further ordered that said F. A. Craven, probate officer, have the right to the custody of said child subject to the further orders of this court."
These matters were all alleged in appellant's answer in the habeas corpus proceeding. That court granted the application for habeas corpus, and awarded the custody of Grace Lee Grimes temporarily to her mother Mrs. Lillian Whittenberg; to which action of the court appellant duly excepted, and has perfected his appeal to this court.
 Opinion.
The issue presented in this case is as to the constitutionality of articles 2184-2190, defining the jurisdiction of juvenile courts. Article 2184 defines a dependent or neglected child. Article 2185 gives both the district and the county court jurisdiction over such child, when sitting as a "juvenile court." Article 2186 declares who may institute proceedings. Articles 2187, 2188, 2189, and 2190 are as to the procedure in such cases.
Jurisdiction is given the county court by the express terms of the act, and the proceedings were in accordance with its terms. Had there been no such proceedings in the county court, the district court would have had jurisdiction under a habeas corpus proceeding to determine the custody of the child.
When a court of competent jurisdiction has obtained jurisdiction of a cause, such jurisdiction cannot be ousted by a proceeding as to the same cause subsequently instituted in a court of concurrent jurisdiction. Stone v. Byars, 32 Tex. Civ. App. 154, 73 S.W. 1086; Ry. Co. v. Lewis,81 Tex. 1, 16 S.W. 647, 26 Am.St.Rep. 776; Clepper v. State, 4 Tex. 242; Goggan Bros. v. Morrison, 163 S.W. 119. Hence it follows, under the facts of this case, that, if articles 21842190 are constitutional, the district court erred in assuming jurisdiction in this cause. *Page 253 
It is the contention of appellee that the Articles referred to are in violation of article 5, § 8, of the Constitution of this state, which confers upon the district court "original jurisdiction and general control over executors, administrators, guardians and minors, under such regulations as may be prescribed by law," and "general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution, and such other jurisdiction, original and appellate, as may be provided by law." It is plain from this provision of the Constitution that, if there was no other provision giving the county court jurisdiction herein, the district court would not only have jurisdiction to determine the custody of the minor, but would have exclusive jurisdiction in such case. Where nothing is involved except the issue of custody, the Constitution does not confer jurisdiction to determine such issue upon any other court. This was the case in Legate v. Legate, 87 Tex. 248, 28 S.W. 281; Rice v. Rice,24 Tex. Civ. App. 506, 59 S.W. 941, cited by appellee. In Estes v. Presswood, 137 S.W. 146, cited by appellee, the question of jurisdiction was determined by the residence of the parties. For the reason stated, these cases are not in point in the instant case, unless there is no provision of the Constitution which conferred jurisdiction upon the county court under the facts of this case.
We think there is such a provision in our Constitution, viz., article 5, § 16, which reads as follows:
"The county court shall have the general jurisdiction of a probate court; they shall * * * appoint guardians of minors."
For similar provisions in prior Constitutions of this state, see article 4, § 16, Constitution of 1866; article 4, § 15, Constitution of 1861; article 4, § 15, Constitution of 1845.
Guardianships of minors are of two kinds, viz., guardianship of the person and guardianship of the estate. "The guardian of the person is entitled to the charge and control of the person of the ward, and the care of his support and education, and his duties shall correspond with his rights." R.S. art. 4122. The right of a guardian of the person of a minor to the custody of such minor was well understood when our present Constitution was adopted. 12 R.C.L. pp. 1103 and 1119; 21 Cyc. 62; Act March 20, 1848, P. D. art. 3904. There can be no question as to the constitutionality of a statute giving such control to the legally appointed guardian of a minor, upon such terms and under such restrictions as may be provided by law. Nor can it be doubted that the county court is a proper tribunal to appoint a guardian for the person of a minor.
Was the proceeding in the county court in the instant case a proceeding to appoint a guardian for Grace Lee Grimes, and was the effect of the judgment of that court to appoint F. A. Craven as such guardian, either temporary or permanent? We think these questions must be answered in the affirmative.
Article 2184 defines a "dependent child," among other things, as one who has "no proper guardianship." Article 2189 provides that one adjudged to be a dependent child "may be turned over to the care and custody of any suitable person or any suitable institution in the county or state organized for the purpose of caring for `dependent children,' and which is able and willing to care for same. And when such child is so turned over to the custody of such person or institution, such person or institution shall have the right to the custody of said child, and shall be at all times responsible for its education and maintenance, subject at all times to the orders of the court."
These are essential elements of guardianship of the person and of nothing else. Article 2190 is explicit as to this. It declares that, where a dependent child is turned over to any individual or institution, it "shall become a ward and be subject to the guardianship of the institution or individual to whose care it is committed. * * * The court may change the guardianship of such child," etc. (Italics in the foregoing excerpts ours.)
The difference between articles 3502a and 3502b, R.S. 1895, and the articles here under consideration, is that the former articles undertook to confer upon the county courts the power to determine the custody of children, and to exercise such power through a writ of habeas corpus in cases where guardianship was not involved, whereas the latter articles provide for the appointment of guardians, custody in such cases being only an incident of the guardianship, as it is a necessary incident of all guardianship proceedings. In Rice v. Rice, 24 Tex. Civ. App. 507,59 S.W. 942, the court said:
"This is not an application for the appointment of a guardian of a minor. It is a civil proceeding by habeas corpus, in which the sole question to be determined is: Who is entitled to the custody of the infant?"
The delinquent child act was held constitutional in Ex parte Bartee,76 Tex.Crim. 285, 174 S.W. 1051.
The Constitution of Idaho confers jurisdiction upon county courts in that state, "in all matters of probate * * and appointment of guardians," as does the Constitution of this state. The Legislature of Idaho passed a delinquent child act similar to the one here under consideration. In a very able opinion by the Supreme Court of that state, the act was held to be constitutional. *Page 254 
In re Sharpe, 15 Idaho, 120, 96 P. 563, 18 L.R.A. (N. S.) 896.
It is the contention of appellee that the county court erred in issuing an order authorizing appellant to take charge of the child, pending a motion for new trial. We do not think that the court abused its discretion in this; but, If it be conceded that the court committed error in so doing, such error could be corrected only upon motion for new trial, or upon appeal. Habeas corpus is not a method of appeal. It is a collateral attack, and cannot be invoked where there have been mere irregularities in the proceedings of another court, but only where the judgment of such other court is absolutely void. Holman v. Mayor,34 Tex. 670; Ex parte Dickerson, 30 Tex.App. 448[30 Tex.Crim. 448],17 S.W. 1076; Ex parte Branch, 36 Tex.Cr.R. 384, 37 S.W. 421; Ex parte Japan, 36 Tex.Cr.R. 482, 38 S.W. 43.
We hold that articles 2184-2190 are constitutional; for which reason the judgment of the trial court is reversed, with instructions to dismiss this cause.
Reversed, with instructions.