

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

May 29, 1959

Honorable Jules Damiani, Jr.
Criminal District Attorney
Galveston County                    Opinion No. WW-635
Galveston, Texas

                                    Re: Whether dependent and
                                        neglected child cases
                                        are to be filed in the
                                        District Court or the
                                        Juvenile Court of Gal-
Dear Mr. Damiani:                       veston County.

        We have your letter in which you request our opinion
on whether dependent and neglected child cases are to be filed
in the District Court or the Juvenile Court of Galveston
County, Texas.

        Section 4 of Article 2338-1, Vernon's Civil Statutes,
provides for the designation of a District or County Court of
each County as Juvenile Court of the County; provides how such
designation shall be made; and provides a method of changing
the designation.  Galveston County has three District Courts,
one of which has been designated as the Juvenile Court of
Galveston County.

        The jurisdiction and duties of Juvenile Courts are
defined by various statutes, but since your inquiry relates
only to dependent and neglected child cases under Article 2338-1,
Vernon's Civil Statutes, we shall limit this opinion to such
cases.  That statute vests jurisdiction in the designated Juve-
nile Court over several matters relating to juveniles, one of
which is a dependent and neglected child case.  However, there
is a limitation on the jurisdiction of dependent and neglected
child cases set out in Section 24-a, Article 2338-1, Vernon's
Civil Statutes, which is:

        ". . . the District Court only shall have
    original jurisdiction in all proceedings wherein
    it is sought to have a child adjudged to be a
    dependent or neglected child, . . ."

Such cases may be brought only in a District Court, and may not be brought in a County Court even if it has been designated as the Juvenile Court of the County. See: Attorney General's Opinion V-1430 (1953). Article 2338-1, Vernon's Civil Statutes, does not create a new or additional Court, but the effect of the statute is that:

"The jurisdiction, powers and duties of existing courts are enlarged; but, no new or different court is created by the law, . . ." Attorney General's Opinion No. V-546 (1948).

Furthermore, Section 4 of Article 2338-1, Vernon's Civil Statutes, does not restrict the status or jurisdiction of a Court which may be designated as the Juvenile Court, but adds to it.

" . . .

"The jurisdiction, powers, and duties thus conferred upon the established courts hereunder are superadded jurisdictions, powers, and duties; it being the intention of the Legislature not to create hereby any additional offices." Sec. 4, Art. 2338-1, V. C. S.

Since, in Galveston County, a District Court has been designated as the Juvenile Court, there is no need to discuss how dependent and neglected child cases would be handled where the County Court has been designated. It is sufficient to say that the designated District Court has jurisdiction to hear such cases as an added jurisdiction. See: Ex Parte Grimes, 216 S. W. 251 and 258 S. W. 152.

You are advised, that, in our opinion, dependent and neglected child cases are to be brought in the District Court of Galveston County which has been designated as the Juvenile Court of such county.

## SUMMARY

Under Article 2338-1, Vernon's Civil Statutes, dependent and neglected child cases are to be brought in the District Court of Galveston County which

has been designated as the Juvenile
Court of such County.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Tom I. McFarling
Assistant

TIM:ad

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Grundy Williams
C.K. Richards
C. Dean Davis
Paul W. Floyd, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. Geppert